GEORGE H. McGOVERN, Administrator of ISAAC J. GILKEY, deceased, plaintiff below, plaintiff in error, *vs.* ELIZABETH A. O'DONNELL, defendant below, defendant in error.

1. EXECUTORS AND ADMINISTRATORS—COLLECTION OF ASSETS—POSSESSION OF INDORSED CHECK—PRIMA FACIE RIGHT.

In an administrator's action against his decedent's niece for money received from the proceeds of a check payable to decedent, the court properly directed verdict for the niece, under evidence that decedent, after indorsing the check in blank, had delivered it to his niece, with whom he was living, that he and she went together to the bank, where the niece presented the check and received $50 in cash and $450 credit with the bank, and that decedent at the time was and had been drinking heavily and was suffering from alcholism, but capable of knowing the disposition he was making of his property; there being no evidence of any influence being used with him in the transaction, or that the niece acted as his agent at any time.

2. EXECUTORS AND ADMINISTRATORS—COLLECTION OF ASSETS—EVIDENCE—MATERIALITY.

In such action, the court properly excluded as immaterial and irrelevant certain testimony of the niece in her previous suit in chancery, whereby the administrator sought to show that the niece testified that she did not receive a cent of her uncle's money from the time he came to her house until the time of his death.

(*October* 23, 1917.)

PENNEWILL, C. J., RICE and HEISEL, J. J., sitting.

*Francis H. Hoffecker* and *Horace Greeley Eastburn* for plaintiff in error.

*Henry R. Isaacs* for defendant in error.

Error to the Superior Court, New Castle County, No. 2, January Term, 1915.

ACTION OF ASSUMPSIT by George H. McGovern, administrator of Isaac J. Gilkey, deceased, against Elizabeth A. O'Donnell, for money had and received from the proceeds of a certain check.

BOYCE and CONRAD, J. J., sitting below.

Verdict was directed for defendant, and she had judgment, and plaintiff brings error; affirmed.

By agreement filed, it was admitted at the trial below:

"That Ladies' Catholic Benevolent Association, a company engaged in the insurance of lives, did, during the lifetime of Mary C. Gilkey McGovern,

daughter of the said Isaac J. Gilkey, deceased, insure the life of the said Mary C. Gilkey McGovern in the sum of five hundred dollars, making the said Isaac J. Gilkey the beneficiary of the policy of insurance so issued on her life;

"The said Mary C. Gilkey McGovern having died, the said Ladies' Catholic Benevolent Association drew its check, * * * for the sum of five hundred dollars, payable to the said Isaac J. Gilkey, and delivered the same to him. The said check having been delivered by said association to the said Isaac J. Gilkey, he indorsed the same, and the same having been indorsed by Elizabeth A. O'Donnell, the defendant in this suit, it was deposited in the National Bank of Wilmington and Brandywine for collection, and in due course paid."

The plaintiff, in the court below, relied largely upon certain testimony of the defendant below, in her suit in chancery, in another case, by which the plaintiff sought to show that the defendant testified:

"I didn't receive one cent of my uncle's money, from the time he came to my house until the time of his death; not one cent."

This testimony was rejected as immaterial and irrelevant.

The assignments of error were based upon the refusal of the Court below to admit the testimony, it being claimed that it showed admissions by the defendant below against interest.

Counsel for the plaintiff in error contended that the evidence was admissible, and had the effect to cast the burden upon the defendant below to show that it was the intention of Isaac J. Gilkey, deceased, to make her a gift of the proceeds of the check.

In reply it was insisted that the rejected testimony had no relevancy to the issue raised by the pleadings, that the affirmative of the issue was upon the plaintiff below; and that the possession of the check indorsed by the payee clearly showed a presumptive right thereto in favor of the defendant below.

Heisel, J., delivering the opinion of the court:

At the trial of this case below, motion for a nonsuit was granted which the plaintiff declined to accept, whereupon the jury was instructed to return a verdict in favor of the defendant. As disclosed by the record, the evidence upon which this action was taken by the court showed that the deceased, Isaac J. Gilkey, had in his lifetime received a check for five hundred dollars made

payable to him or his order and after indorsing it in blank he had delivered it to his niece, the defendant, with whom he was at that time living; that Gilkey and his niece went together to the bank where the niece presented the check and received fifty dollars in cash and credit to her account with the bank for the balance of four hundred and fifty dollars; that at the time of the transaction Gilkey was and had been drinking heavily for some time, and was suffering from alcoholism, but was capable of knowing what disposition he was making of his property and to whom he mas making it. There was no evidence whatever of any influence being used with him in the transaction; nor was there any proof that the niece acted as his agent at this or any other time.

Under this evidence plaintiff claims that sufficient ground had been laid to place the burden upon defendant to show, not only that the proceeds of the check had been given to her by Gilkey, for her own use and not as his agent, but also that he thoroughly understood, what he was doing when he gave it to her, and that no deception or fraud was practiced by her upon him for the purpose of obtaining it.

There is nothing in the evidence to show why, or for what purpose or consideration the check was indorsed by Gilkey and by him given to the defendant. There is nothing to distinguish it from the ordinary transaction of indorsing a check in blank by the payee and delivering it to a third party.

[1, 2] Under the evidence in this case, we are clearly of the opinion that the court below did not err in directing a verdict in favor of the defendant. Nor do we find any error in the ruling of the court below in refusing to admit certain evidence offered by plaintiff and rejected by that court.

The judgment below is affirmed.